# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| CITY OF NEW ORLEANS EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | : | Civ. A. No. 10-6826 |
|  | : |  |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
|  | : |  |
| v. | : | ECF CASE |
|  | : |  |
| PRIVATEBANCORP, INC., LARRY D. RICHMAN, DENNIS L. KLAESER, KEVIN M. KILLIPS, RALPH B. MANDELL, KEVIN VAN SOLKEMA, DONALD L. BEAL, WILLIAM A. CASTELLANO, ROBERT F. COLEMAN, PATRICK F. DALY, WILLIAM A. GOLDSTEIN, JAMES M. GUYETTE, RICHARD C. JENSEN, PHILIP M. KA YMAN, CHERYL MAYBERRY MCKISSACK, WILLIAM J. PODL, EDWARD W. RABIN, COLLIN E. ROCHE, WILLIAM R. RYBAK, ALEJANDRO SILVA, JAMES C. TYREE, JOHN B. WILLIAMS, NORMAN R. BOBINS, KEEFE, BRUYETTE & WOODS, INC., ROBERT W. BAIRD & CO. INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., SUNTRUST ROBINSON HUMPHREY, INC., J.P. MORGAN SECURITIES INC., ERNST & YOUNG LLP, | : | |
|  | : |  |
| Defendants. | : |  |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE INTER-LOCAL PENSION FUND OF THE GRAPHIC COMMUNICATIONS CONFERENCE OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## PRELIMINARY STATEMENT

Pending before this Court is a securities class action lawsuit brought on behalf of all purchasers of the common stock of PrivateBancorp, Inc. ("PrivateBancorp" or the "Company") between November 2, 2007 and October 23, 2009, inclusive (the "Class Period"). The action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), and Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") and is brought against PrivateBancorp, certain of the Company's officers and directors, the underwriters for two public offerings, and the Company's auditor.[1]

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Movant, the Inter-Local Pension Fund of the Graphic Communications Conference of the International Brotherhood of Teamsters ("Movant" or the "Inter-Local Pension Fund"), respectfully submits this memorandum of law in support of its motion to: (1) appoint the Inter-Local Pension Fund as Lead Plaintiff; (2) approve Movant's selection of the law firm of Spector Roseman Kodroff & Willis, P.C. ("SRKW") as Lead Counsel for the putative class and Lasky & Rifkind, Ltd. as Liaison Counsel; and (3) consolidate any subsequently-filed or transferred action pertaining to the securities of PrivateBancorp and the allegations set forth in the complaint;

---

[1] The following individuals and entities are named as defendants in the pending action: PrivateBancorp, Inc., Larry D. Richman, Dennis L. Klaeser, Kevin M. Killips, Ralph B. Mandell, Kevin Van Solkema, Donald L. Beal, William A. Castellano, Robert F. Coleman, Patrick F. Daly, William A. Goldstein, James M. Guyette, Richard C. Jensen, Philip M. Kayman, Cheryl Mayberry McKissack, William J. Podl, Edward W. Rabin, Collin E. Roche, William R. Rybak, Alejandro Silva, James C. Tyree, John B. Williams, Norman B. Bobins, Keefe Bruyette & Woods, Inc., Robert W. Baird & Co. Incorporated, William Blair & Company, L.L.C., SunTrust Robinson Humphrey, Inc., J.P. Morgan Securities Inc. and Ernst & Young, LLP (collectively, "Defendants").

Having suffered substantial losses – which, to the best of its knowledge, constitutes the largest losses suffered by any class member movant(s) – as a result of its investments in PrivateBancorp common stock during the Class Period, the Inter-Local Pension Fund believes it is the "most adequate plaintiff" as defined by the PSLRA and therefore, should be appointed Lead Plaintiff in the consolidated action. 15 U.S.C. §78u-4(a)(3)(B). The Inter-Local Pension Fund is precisely the type of sophisticated institutional investor that the PSLRA contemplates as leading a securities class action lawsuit such as the pending action and representing the interests of all class members. Furthermore, the Inter-Local Pension Fund has submitted a sworn certification attesting to its desire to serve as Lead Plaintiff in the consolidated action, and further demonstrating its understanding of the attendant duties and obligations of serving in that capacity. *See* Declaration of Norman Rifkind, Esq. ("Rifkind Decl.") at Exhibit 1.

As discussed herein, in addition to having the largest financial interest in the outcome of this litigation, the Inter-Local Pension Fund satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). As such, the Inter-Local Pension Fund is presumptively the "most adequate plaintiff" and clearly deserving of appointment as Lead Plaintiff. Likewise, its selection of lead and liaison counsel should be approved.

## FACTUAL BACKGROUND

PrivateBancorp is a Chicago-based financial services company that provides commercial banking and private banking for high net-worth individuals and families. During the Class Period, PrivateBancorp used SEC filings, press releases and other public statements to misrepresent and conceal the Company's increased exposure to toxic, non-performing loans, particularly those in the commercial real estate and construction sector which were generated

under the Company's new Strategic Growth and Transformation Plan (the "Growth Plan") – an initiative to increase the Company's commercial middle market share.

When the Company began increasing its loan loss reserves, it represented to the market that such increases simply corresponded to an increase in the number of loans it was originating, as its client base continued to grow. When it began to acknowledge in early 2009 some weakness in its commercial sectors, and that it was experiencing an increase in non-performing loans, it adamantly denied that the non-performing loans were originated under the highly touted Growth Plan. Instead, the Company told investors that these loans were isolated in the residential sector, which was suffering from a softening housing market. PrivateBancorp's repeated attempts to downplay its increasingly imperiled commercial loan portfolio helped cause its stock price to artificially rise during the Class Period. The Company used this to its advantage by conducting public offerings in 2008 and 2009 to raise money for working capital and other general corporate purposes. Not surprisingly, the prospectuses for these offerings incorporated many of the same false and misleading statements that PrivateBancorp issued during the Class Period.

The Company's statements concerning the positive financial impact of the Growth Plan, as well as its limited exposure of non-performing loans, were shown to be false on October 26, 2009, the last day of the Class Period, when it reported its 3Q 2009 results. In that announcement, the Company admitted that loan defaults had increased, causing a substantial rise in total non-performing assets to $396.6 million – almost *double* that of the previous quarter. Importantly, and contrary to the Company's prior representations that the loans in default were originated in the residential sector, the Company admitted in a conference call with analysts that "[o]ur operating results reflect a significant deterioration in our commercial real estate portfolio

and the addition of a handful of commercial loans that became non-performing in the quarter." In fact, contrary to the Company's public statements, approximately 40% of the non-performing loans were originated under the Growth Plan.

In response to the October 26 disclosures, the Company's share price plummeted more than 37%, dropping from 19.00 per share to close at $11.98 per share on abnormally high trading volume. This lawsuit alleges violations of the Securities Act for the issuance of a false prospectus and the Exchange Act for the dissemination of materially false and misleading statements during the Class Period. Named as defendants are the Company, certain of its officers and directors, the underwriters of the Company's 2008 and 2009 securities offerings, and Ernst & Young LLP, the Company's auditors (collectively "Defendants").

## ARGUMENT

**I.**     **The Inter-Local Pension Fund Should Be Appointed Lead Plaintiff**

    **1.**     **The Procedural Requirements of the PSLRA**

The PSLRA sets forth detailed procedures governing the selection of a lead plaintiff to oversee "each private action arising under this [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1).

*First*, the PSLRA instructs that the plaintiff who files the initial complaint in an action must publish notice to the class not later than twenty (20) days after the date on which the complaint was filed, informing the class of the claims asserted in the action and the purported class period, and notifying them of their right to file a motion to be appointed lead plaintiff in the action. 15 U.S.C. §78u-4(a)(3)(A). Within sixty (60) days of publication of the required notice, any member or members of the proposed class may move the court to be appointed as lead

plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)-(B).

The first notice of the pendency of a class action in this action was published October 22, 2010, on *Marketwire*, a widely circulated national business-oriented publication or wire service. 15 U.S.C. §78u-4(a)(3)(A)(i); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *1 (N.D. Ill. Aug. 11, 1997) (noting publication of notice of pendency through *Business Wire* was in compliance with requirements of the Exchange Act). *See* Rifkind Decl. at Exhibit 2. The notice indicated that Class Members who sought to move for appointment as lead plaintiff in these Actions must do so no later than sixty (60) days after October 22, 2010. The Inter-Local Pension Fund has timely submitted its application within this prescribed period.

*Second*, the PSLRA provides that within ninety (90) days after publication of the notice of pendency, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the movant or movants the court determines to be the most capable of adequately representing the class members' interests. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining which movant or movants are the "most adequate plaintiff," the PSLRA instructs that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [instructing on class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii); *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 227-228 (N.D. Ill. 2002); *Mayo*, 2002 WL 193393, at \*\*3-4.

As discussed below, the Inter-Local Pension Fund has the largest financial interest in the relief sought by the class and otherwise satisfies Rule 23.

**2.     The Inter-Local Pension Fund is the "Most Adequate Plaintiff" under the PSLRA**

**a.     The Inter-Local Pension Fund Made a Timely Motion for Appointment as Lead Plaintiff**

As referenced above, the time period in which a class member may move to be appointed lead plaintiff in the instant Actions expires on December 21, 2010, sixty (60) days from the day on which notice of pendency was first published.  15 U.S.C. §78u-4(a)(3)(A)(i).  Pursuant to the provisions of the PSLRA and within the requisite time frame, the Inter-Local Pension Fund timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members in this action (as well as any other actions deemed to be related by this Court).  A movant need not have filed a complaint.  15 U.S.C. §78u-4(a)(3)(A)-(B).

**b.     The Inter-Local Pension Fund Has the Largest Financial Interest**

The Movant's certification submitted herewith, indicates, among other things, that the Inter-Local Pension Fund's transactions in PrivateBancorp shares during the Class Period, which resulted in aggregate losses of $109,761.10 during the Class Period.[2]  *See* Rifkind Decl., Exhibit 1.  As of the date of this filing, the Inter-Local Pension Fund is aware of no other class member movant whose losses exceed that of itself, and thus believes that it has suffered the greatest financial loss of any movant seeking to be appointed lead plaintiff in the Action.  The Inter-Local Pension Fund therefore has the "largest financial interest in the relief sought by the class," as

---

[2] This figure represents the aggregate losses suffered in connection with the claims asserted under both the Exchange Act and the Securities Act.  These losses are not the same as legally compensable damages, the measurement of which is a complex legal question that cannot be determined at this stage of the litigation.

required under 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb), and is presumptively the most adequate plaintiff. *See In re Bally Total Fitness Securities Litigation*, 2005 WL 627960, at *5 (N.D. Ill. March 15, 2005) (institutional investor claiming greatest losses therefore had the largest financial interest).

Courts have noted that four factors are relevant to the manner in which the "largest financial interest" is determined under the statute:

> (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs.

*Mayo*, 2002 WL 193393, at *3, *quoting Lax*, 1997 WL 461036, at *5. During the Class Period, the Inter-Local Pension Fund suffered aggregate losses of $109,761.10 as a consequence of its investments in PrivateBancorp shares during the Class Period, when the value of those shares declined when Defendants' misconduct was publicly disclosed.

Therefore, considering that it suffered the largest known losses and has the largest financial interest in the outcome of the litigation, the Inter-Local Pension Fund is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff.

### c.    The Inter-Local Pension Fund Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation and filing a timely motion for appointment as lead plaintiff, the PSLRA also requires the lead plaintiff to "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) permits a party to serve as a class representative on behalf of all class members, if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or

> defenses of the class; and (4) the representative parties will fairly and
> adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of these four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative and are relevant considerations on a motion for appointment of lead plaintiff under the PSLRA. *See Takara Trust v. Molex Incorporated*, 229 F.R.D. 577, 580 (N.D. Ill. 2005); *Johnson*, 214 F.R.D. 225, at 228 ("In selecting the lead plaintiff under the PSLRA, [ ], typicality and adequacy of representation are the only relevant considerations."); *Lax*, 1997 WL 461036, at *6.

Thus, when determining which plaintiff is "most adequate" to represent the proposed class of PrivateBancorp investors, the Court should limit its inquiry to the typicality and adequacy components of Rule 23(a) and should reserve its examination of the other two requirements until the class certification stage. *In re Motorola Secs. Litig.*, No. 03 C 287, 2003 WL 21673928, at *3 (N.D.Ill. July 16, 2003); *Lax*, 1997 WL 461036, at *6. As demonstrated below, the Inter-Local Pension Fund meets both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### (1) The Inter-Local Pension Fund Satisfies the Typicality Requirement

Rule 23(a)(3) requires the claims or defenses of the class representative to be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where a plaintiff's claims are based on the same legal theories as the claims of the other class members and where the plaintiff's claims arise from the same series of events. *See Takara Trust*, 229 F.R.D. 577, at 580, *quoting De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *Mayo* at *4. Rule 23 does not require that the lead plaintiff's claims be identical to the claims of other

class members. *See In re Motorola Secs. Litig.*, 2003 WL 21673928, at *3. Indeed, typicality can be found even where there are some factual distinctions between the claims of the lead plaintiff and the claims of other class members. *Id.*

Here, the Inter-Local Pension Fund's claims are typical of the claims of other class members who suffered damages as a result of PrivateBancorp's misconduct during the Class Period. Like the other class members, the Inter-Local Pension Fund purchased or otherwise acquired its PrivateBancorp shares at artificially inflated prices in reliance on Defendants' materially false and misleading statements and/or omissions relating to how the Company's loan losses. In other words, its claims arise from the same event or course of conduct that gives rise to the other proposed class members' claims. Therefore, the Inter-Local Pension Fund meets the typicality requirement of Rule 23. *See Mayo* at *4.

### (2) The Inter-Local Pension Fund Satisfies the Adequacy Requirement

Under Rule 23(b)(4), the party representing the class must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement will be met where a movant demonstrates that "(1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) he is represented by competent, experienced counsel who [sic] be able to prosecute the litigation vigorously." *Johnson*, 214 F.R.D. 225, at 228-229; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *See also, Takara Trust* at 580.

The Inter-Local Pension Fund has demonstrated its adequacy under the statute by retaining experienced counsel who are able to conduct this complex litigation in a highly competent and professional manner, and by submitting a Certification declaring its commitment to protect the interests of the class, be actively involved in prosecuting the case and oversee

counsel. *See* Rifkind Decl. at Exhibit 1. Furthermore, its interests are clearly aligned with those of the class, and there is no evidence of any conflict between the Inter-Local Pension Fund and any other member of the proposed class. Having suffered significant losses as a result of the misconduct at PrivateBancorp, the Inter-Local Pension Fund has a substantial financial interest in prosecuting this action against all culpable parties and vigorously pursuing all avenues of recovery. Moreover, as explained more fully below, the Inter-Local Pension Fund has further demonstrated its adequacy through the selection of highly experienced counsel with notable skill and professionalism to represent the class. Therefore, the Inter-Local Pension Fund meets the adequacy requirement of Rule 23.

Importantly, the appointment of the Inter-Local Pension Fund as Lead Plaintiff would also meet one of the primary legislative goals in enacting the PSLRA – namely, to encourage sophisticated institutional investors with large financial holdings to serve as lead plaintiffs in securities class actions. H.R. CONF. REP. 104-369, 1995 U.S.C.C.A.N. 730, 1995 WL 709276, *34 (Leg. Hist.) (Nov. 28, 1995) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *In re Motorola Securities Litigation*, 2003 WL 21673928, at *3. Indeed, the Inter-Local Pension Fund is precisely the type of institutional entity that Congress intended to lead securities class actions when it enacted the PSLRA in 1995. *See Plymouth County Retirement System v. Carter's Inc.*, 08 CV 2940 (JOF), 2009 WL 692141, *1 (N.D.Ga. Mar. 13, 2009) ("The PSLRA, as a whole, favors institutional investors with large amounts at stake."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (legislative intent behind the PSLRA was to encourage large institutional investors to serve as lead plaintiff).

**II.     The Court Should Approve the Inter-Local Pension Fund's Selection of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *See also, Taubenfeld*, 2004 WL 554810, at \*5. In that regard, the Inter-Local Pension Fund has selected and retained the law firm of Spector Roseman Kodroff & Willis, P.C. ("SRKW") to serve as lead counsel for the class and Lasky & Rifkind Ltd. to serve as liaison counsel for the class. As abundantly illustrated in their firm biographies, both of these law firms have extensive experience in the areas of securities and class action litigation, and have successfully prosecuted numerous securities fraud actions and obtained excellent results on behalf of defrauded investors across the country and around the world. *See* Rifkind Decl. at Exhibits 3, 4.

SRKW has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. For example, it recently represented a group of institutional investors that served as lead plaintiffs in *In re Parmalat Sec. Litig.*, No. 04-cv-1653 (S.D.N.Y.) ($96.5 million settlement). Similarly, the firm, along with its co-counsel, recently achieved a $145 million recovery for a class of United States and foreign investors in *In re SCOR Holding (Switzerland) AG (F/K/A Converium Holding AG) Sec. Litig.*, No. 04-cv-7897 (S.D.N.Y.). *See also, e.g. Ong v. Sears, Roebuck & Co.* No. 03 C 04142 (N.D. Ill.) (Pallmeyer, J.); *Welmon v. Chicago Bridge & Iron Co. N.V.*, No. 06 Civ. 1283 (JES) (S.D.N.Y.) (appointed co-lead counsel); *In re Alltel Shareholder Litigation*, C.A. No. 2975-CC (Chancery Ct. Del.) (appointed co-lead counsel). *See,* Rifkind Decl., Ex. 3. Further, SRKW and Lasky & Rifkind Ltd. have the skill and knowledge to enable them to prosecute this action effectively and expeditiously.

Accordingly, the court should approve the Inter-Local Pension Fund's selection of SRKW as Lead Counsel for the class and Lasky & Rifkind Ltd. as Liaison Counsel for the class.

## III.  Any Subsequently Filed, Related Actions Should Be Consolidated For All Purposes

Currently, only one action has been filed against Defendants arising from the conduct alleged in the complaint.   To the extent that any actions arising from the same facts and naming the same or a similar group of defendants are subsequently filed or transferred to this Court, Movant hereby submits that this Court should consolidate those actions with the pending action.

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation and provides in pertinent part:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

In other words, under Federal Rule of Civil Procedure 42(a), consolidation may be ordered when actions involving a common question of law or fact are pending before the court.  *See* Fed. R. Civ. P. 42(a); *Taubenfeld v. Career Education Corporation*, 2004 WL 554810, *1 (N.D. Ill. March 19, 2004) (finding consolidation proper where cases asserted similar claims for relief); *Mayo v. Apropos Tech., Inc.*, No. 01 C 8406, 2002 WL 193393, *2 (N.D. Ill. Feb. 7, 2002) (consolidating related cases for pre-trial purposes where cases involved central issues of fact and law, and questions were complex and numerous and would be served by resolution through a common hearing).   Should any actions be subsequently filed or transferred to this court which arise from the same facts and are asserted against the same Defendants (or a subset of the Defendants), those actions should be consolidated in accordance with Rule 42(a) of the Federal Rules of Civil Procedure.  *See,* Fed. R. Civ. P. 42(a).

## CONCLUSION

For all the foregoing reasons, the Inter-Local Pension Fund respectfully requests that this Court: (i) appoint the Inter-Local Pension Fund as Lead Plaintiff in the Actions; (ii) approve the Inter-Local Pension Fund's selection of Spector Roseman Kodroff & Willis, P.C. as Lead Counsel and Lasky & Rifkind Ltd.. as Liaison Counsel for the class; and (iii) grant such other relief as the Court may deem just and proper.

Dated: December 21, 2010

**LASKY & RIFKIND, LTD.**

/s/ Norman Rifkind
Leigh R. Lasky
Norman Rifkind
Amella S. Newton
Heidi Vonderheide
350 N. LaSalle Street, Suite 1320
Chicago, IL 60610
Tel: 312.634.0057
Fax: 312.634.0059

*Proposed Liaison Counsel*

**SPECTOR ROSEMAN KODROFF
& WILLIS, P.C.**
Mark S. Willis, Esq.
Mark Bogen, Esq.
1101 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
Tel: (202) 756-3600
Fax: (202) 756-3602

**SPECTOR ROSEMAN KODROFF
& WILLIS, P.C.**
Robert M. Roseman, Esq.
Andrew D. Abramowitz, Esq.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611

*Proposed Lead Counsel*