UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF NEW ORLEANS EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>PRIVATEBANCORP, INC., LARRY D. RICHMAN, DENNIS L. KLAESER, KEVIN M. KILLIPS, RALPH B. MANDELL, KEVIN VAN SOLKEMA, DONALD L. BEAL, WILLIAM A. CASTELLANO, ROBERT F. COLEMAN, PATRICK F. DALY, WILLIAM A. GOLDSTEIN, JAMES M. GUYETTE, RICHARD C. JENSEN, PHILIP M. KAYMAN, CHERYL MAYBERRY MCKISSACK, WILLIAM J. PODL, EDWARD W. RABIN, JR., COLLIN E. ROCHE, WILLIAM R. RYBAK, ALEJANDRO SILVA, JAMES C. TYREE, JOHN B. WILLIAMS, NORMAN R. BOBINS, KEEFE, BRUYETTE & WOODS, INC., ROBERT W. BAIRD & CO. INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., SUNTRUST ROBINSON HUMPHREY, INC., J.P. MORGAN SECURITIES INC., and ERNST & YOUNG LLP,<br><br>     Defendants. | Civ. A. No. 10 CV 6826<br><br>Honorable William T. Hart<br><br><br>**ECF CASE** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
THE PUBLIC PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF
AND FOR APPROVAL OF THEIR SELECTION OF CO-LEAD COUNSEL**

## Table of Contents

INTRODUCTION ................................................................................................................ 2

FACTUAL BACKGROUND ............................................................................................... 4

ARGUMENT ...................................................................................................................... 6

    1.    The Public Pension Funds Should be Appointed Lead Plaintiff................................... 6

        a.    The Public Pension Funds Have the Largest  Financial Interest in the Relief Sought by the Class.......................................................................................... 7

    2.    The Public Pension Funds Are an Appropriate Lead Plaintiff Group ......................... 7

    3.    The Public Pension Funds Are Sophisticated Institutional  Investors That Satisfy the Relevant Requirements of Rule 23 .............................................................................. 8

        a.    The Public Pension Funds' Claims Are  Typical of the Class' Claims ............ 9

        b.    The Public Pension Funds Will Fairly and  Adequately Represent the Interests of the Class....................................................................................................... 9

    4.    This Court Should Approve the Public  Pension Funds' Choice of Co-Lead Counsel ................................................................................................................................. 11

CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Craig v. Sears Roebuck & Co.*
253 F. Supp. 2d 1046 (N.D. Ill. 2003) ..................................................................5, 7

*Dollens v. Zionts,*
Case No. 01 C 5931, 2001 U.S. Dist. LEXIS 19966 (N.D. Ill. Dec. 4, 2001)..........................7

*General Retirement System of the City of Detroit v. Wells Fargo Mortgage Backed
Securities 2006-AR18 Trust,*
Case No. 09-cv-1376 (N.D. Cal.) ..............................................................................9

*Hill v. Tribune Co.,*
No. 05 C 2602, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. Oct. 13, 2005) ..................................5

*Hughes v. Huron Consulting Group, Inc.*
09-cv-4734, slip op. (N.D. Ill. Nov. 16, 2009) .........................................7, 9, 11, 12

*In re Comverse Tech., Inc. Sec. Litig.,*
No. 06-CV-1825(NGG)(RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ..........................6

*In re Motorola Sec. Litig.,*
No. 03 C 287, 2003 U.S. Dist. LEXIS 12651 (N.D. Ill. July 16, 2003) ..............................7, 10

*In re Waste Management, Inc. Sec. Litig.,*
128 F. Supp. 2d 401 (S.D. Tex. 2000) ..................................................................11

*Takara Trust v. Molex Inc.,*
229 F.R.D. 577 (N.D. Ill. 2005)..........................................................................6, 7


STATUTES

15 U.S.C. § 77z-1 ...........................................................................................*passim*

15 U.S.C. § 78u-4 ...........................................................................................*passim*


OTHER AUTHORITIES

Fed. R. Civ. P. 23 ...........................................................................................*passim*

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ..........................10, 11

1

State-Boston Retirement System ("Boston") and the City of New Orleans Employees' Retirement System ("New Orleans") (collectively, the "Public Pension Funds"), respectfully submit this memorandum in support of their motion to be appointed Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and for approval of their selection of the law firms of Labaton Sucharow LLP ("Labaton Sucharow") and Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Co-Lead Counsel for the Class.

## INTRODUCTION

This action, which New Orleans filed on October 22, 2010, alleges violations of the federal securities laws by PrivateBancorp, Inc. ("PrivateBancorp" or the "Company"), certain of the Company's senior executives and directors, the underwriters of the Company's 2008 and 2009 Offerings, and the Company's independent auditor (collectively, the "Defendants").[1] During the period from November 2, 2007 through October 23, 2009, inclusive (the "Class Period"), PrivateBancorp misled investors about the success of the Company's Strategic Growth and Transformation Plan, including the strength of the Company's loan portfolio and the adequacy of its risk management, loan loss provisions, and reserves. These misstatements and

---

[1] The Senior Executive Defendants include: Larry D. Richman, Ralph B. Mandell, Dennis L. Klaeser, Kevin M. Killips, and Kevin Van Solkema. The Director Defendants include: Donald L. Beal, William A. Castellano, Robert F. Coleman, Patrick F. Daly, William A. Goldstein, James M. Guyette, Richard C. Jensen, Philip M. Kayman, Cheryl Mayberry McKissack, William J. Podl, Edward W. Rabin, Jr., Collin E. Roche, William R. Rybak, Alejandro Silva, James C. Tyree, John B. Williams, and Norman R. Bobins. The Underwriter Defendants include: Keefe, Bruyette & Woods, Inc., Robert W. Baird & Co. Incorporated, William Blair & Company, L.L.C., SunTrust Robinson Humphrey, Inc., and J.P. Morgan Securities Inc. The Auditor Defendant is Ernst & Young LLP.

omissions artificially inflated the price of PrivateBancorp common stock and caused substantial damage to the Company's investors when the truth was revealed.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff in this action. 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i). In so doing, the Court must consider which movant or movants have the "largest financial interest" in the relief sought by the Class and whether there has been a *prima facie* showing that the movant or movants are adequate and typical class representatives under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Public Pension Funds respectfully submit that they are the "most adequate plaintiff," as defined by the PSLRA. As a result of Defendants' misconduct, the Public Pension Funds suffered losses of approximately $657,708 on a first-in, first-out ("FIFO") basis and $590,313 on a last-in, first-out ("LIFO") basis, which they believe gives them the largest financial interest in this action. As detailed below, the Public Pension Funds also satisfy the adequacy and typicality requirements of Rule 23, and fully understand the duties and responsibilities of serving as Lead Plaintiff under the PSLRA. Accordingly, the Public Pension Funds are presumptively the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff for the Class.

Moreover, the Public Pension Funds are sophisticated institutional investors, experienced in conducting and supervising counsel in complex securities litigation and are therefore the paradigmatic Lead Plaintiff envisioned by Congress when enacting the PSLRA's lead plaintiff provision. The Public Pension Funds have also selected Labaton Sucharow and Bernstein Litowitz, highly-qualified law firms with substantial experience in prosecuting securities class

actions, to serve as Co-Lead Counsel for the Class. For these reasons, articulated more fully below, the Public Pension Funds should be appointed Lead Plaintiff and their selection of Labaton Sucharow and Bernstein Litowitz as Co-Lead Counsel for the Class should be approved.

## FACTUAL BACKGROUND

PrivateBancorp is a Chicago-based financial services company with approximately $13 billion in assets. In November 2007, at the start of the Class Period, PrivateBancorp announced a Strategic Growth and Transformation Plan (the "Growth Plan"), which sought, among other things, to aggressively grow the Company's commercial lending franchise. In furtherance of the Growth Plan, PrivateBancorp aggressively poached talent, including the Company's CEO, from LaSalle Bank, N.A. ("LaSalle"), and adopted a new compensation program that motivated key employees to drive up the price of Company stock. The adoption of the Growth Plan cultivated a corporate culture that placed the achievement of financial targets above responsible lending. Tellingly, under the Growth Plan, PrivateBancorp reported that its loan portfolio more than doubled in a two-year period.

Indeed, throughout the Class Period, PrivateBancorp touted the success of the Growth Plan and represented to investors that the Company was able to generate significant new loans while maintaining prudent lending practices and rigorous risk management. In fact, however, PrivateBancorp routinely sacrificed loan quality for quantity by taking on hundreds of millions of dollars in high-risk, low-quality loans, which it failed to disclose, even when substantial losses on those loans began to materialize. These misrepresentations artificially inflated the price of PrivateBancorp stock. On June 11, 2008, PrivateBancorp capitalized on this artificial inflation by conducting an equity offering, which grossed approximately $150 million in net proceeds for the Company.

On January 8, 2009, the truth about PrivateBancorp began to be revealed when *The Wall Street Journal* reported that LaSalle, the Company's primary source for new recruits, held the second-highest 60-day-or-more delinquency rate among commercial mortgage-backed securities originators. News of LaSalle's imprudent lending practices raised immediate concerns among investors that LaSalle's culture of irresponsible, high-risk lending had spread to PrivateBancorp. As a result of this disclosure, the Company's common stock dropped approximately 9 percent.

Shortly thereafter, on January 26, 2009, PrivateBancorp shocked investors by announcing disappointing results for the fourth quarter of 2008, including a $108.8 million write-off of nonperforming loans. This disclosure caused PrivateBancorp stock to plunge approximately 22 percent in a single day, to close at $15.32 per share. The Company, nevertheless, reassured investors that its "proactive" loan review and write-off had fully addressed the Company's credit-quality concerns, and that none of its "bad" loans were connected to lending under the Growth Plan. These false assurances caused the price of PrivateBancorp's common stock to substantially rebound following the January 26 disclosure. Seizing on this opportunity, PrivateBancorp conducted a second equity offering on May 11, 2009, selling $217 million of its common stock at $19.25 per share.

Less than six months after that offering, on October 26, 2009, the truth about PrivateBancorp's fraud was revealed when the Company announced a third quarter loss of $31.2 million and approximately $400 million in nonperforming loans, which were originated in large part under the Growth Plan. That same day, the Company also disclosed that it had replaced its Chief Operating Officer. In response to these disclosures, PrivateBancorp common stock plunged approximately 37 percent in a single day.

5

On October 22, 2010, the instant action was filed by New Orleans asserting Securities Act and Exchange Act claims against the Defendants. That same day, Bernstein Litowitz, co-counsel for the Public Pension Funds, published notice of the action on *Marketwire*, alerting investors to a Class Period of November 2, 2007 through October 23, 2009. *See* Josefson Decl., Exh. A.[2] The PSLRA permits any member of the Class to move for appointment as Lead Plaintiff within 60 days of the publication of notice. *See* 15 U.S.C. § 77z-1(a)(3)(A); 15 U.S.C. § 78u-4(a)(3)(A). The Public Pension Funds have satisfied that requirement by making this motion.

## ARGUMENT

### 1.     The Public Pension Funds Should be Appointed Lead Plaintiff

The Public Pension Funds respectfully submit that they should be appointed Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i); *see also Hill v. Tribune Co.*, No. 05 C 2602, 2005 U.S. Dist. LEXIS 23931, at *7 (N.D. Ill. Oct. 13, 2005) (Hart, J.). The PSLRA sets forth the procedure for selecting the lead plaintiff in class actions arising under the securities laws and provides a presumption favoring the plaintiff with the largest financial interest who also meets the typicality and adequacy requirements under Rule 23. *Craig v. Sears Roebuck & Co.* ("*Sears*"), 253 F. Supp. 2d 1046, 1048 (N.D. Ill. 2003); *Hill*, 2005 U.S. Dist. LEXIS 23931, at *7. Under the PSLRA, the Court "shall" adopt a presumption that the most adequate plaintiff is "the person or group of persons that … (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 …." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-

---

[2] The Declaration of Avi Josefson, filed contemporaneously with this motion, is referred to herein as "Josefson Decl."

4(a)(3)(B)(iii)(I); *see also Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) (same).

> ### a. The Public Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

The Public Pension Funds respectfully submit that they have the largest financial interest of any qualified movant and should therefore be appointed Lead Plaintiff for the Class. 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the largest 'financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust*, 229 F.R.D. at 579. As a result of PrivateBancorp's alleged misconduct and the subsequent market correction of the price of the Company's common stock, the Public Pension Funds sustained losses of $657,708 on a FIFO basis and $590,313 on a LIFO basis.[3] Notably, New Orleans purchased shares on the June 11, 2008 offering, described above. In light of these losses, which the Public Pension Funds believe represent the largest financial interest in this action, the Public Pension Funds are entitled to the statutory presumption as the most adequate plaintiff and should be appointed Lead Plaintiff for the Class.

> ### 2. The Public Pension Funds Are an Appropriate Lead Plaintiff Group

The appointment of a group of class members as Lead Plaintiff is expressly permitted by the PSLRA, as courts in this District and the majority of courts throughout the country have

---

[3] Courts commonly employ both the "FIFO" and "LIFO" methods for calculating financial interest for purposes of appointing a Lead Plaintiff under the PSLRA. *See, e.g., In re Converse Tech., Inc. Sec. Litig.*, No. 06-CV-1825(NGG)(RER), 2007 WL 680779, at *7 n.10 (E.D.N.Y. Mar. 2, 2007) (noting that "Courts have recognized two potential accounting methods when assessing gains/losses that result from the purchase and sale of securities" and identifying FIFO and LIFO as those methods). Under the FIFO method, sales are offset against the movant's inventory of stock acquisitions, starting with the earliest and moving chronologically forward. Under the LIFO method, sales are offset against the movant's inventory of stock acquisitions, starting with the latest and moving chronologically backward. Losses calculated on both FIFO and LIFO bases for the Public Pension Funds are included in the charts annexed to the Josefson Declaration as Exhibit C.

recognized. *See, e.g.*, *Hughes v. Huron Consulting Group, Inc.* ("*Huron*"), 09-cv-4734, slip op. at 4 (N.D. Ill. Nov. 16, 2009) (appointing group of public pension funds as lead plaintiff) (Bucklo J.) (Josefson Decl., Exh. D); *Takara*, 229 F.R.D. at 579 (holding that the PSLRA permits appointment of a "person or group of persons" and appointing a group with the largest financial interest as lead plaintiff); *Dollens v. Zionts*, Case No. 01 C 5931, 2001 U.S. Dist. LEXIS 19966, at *18 n.7 (N.D. Ill. Dec. 4, 2001) (explaining that appointment of a lead plaintiff group is appropriate under the PSLRA provided that the group will "fairly and adequately protect the interests of the class.").

The Public Pension Funds are an appropriate group because they share the same goals and objectives, and determined to jointly seek appointment as Lead Plaintiff to provide the Class with strong and diverse leadership. Because the Public Pension Funds are a small, cohesive group of sophisticated and experienced institutional investors, their financial interests are properly aggregated for purposes of this motion.

### 3. The Public Pension Funds Are Sophisticated Institutional Investors That Satisfy the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest, the Public Pension Funds should also be appointed Lead Plaintiff because the group "satisfies the requirements of Rule 23 …." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Sears*, 253 F. Supp. 2d at 1048 (citing statute); *Takara Trust*, 229 F.R.D. at 580 (discussing the requirements of Rule 23). Indeed, the Public Pension Funds have affirmatively demonstrated that they meet the adequacy and typicality requirements of Rule 23, which are the only relevant provisions of Rule 23 for purposes of determining a Lead Plaintiff appointment under the PSLRA. *See id.* ("Only two of the Rule 23 requirements pertain to representative plaintiffs: typicality and adequacy."); *In re Motorola Sec. Litig.*, No. 03 C 287, 2003 U.S. Dist. LEXIS 12651, at *10

(N.D. Ill. July 16, 2003) ("In selecting the lead plaintiff under the PSLRA, however, typicality and adequacy of representation are the only relevant considerations.… A wide-ranging analysis of the Rule 23 factors should be left for consideration of a motion for class certification.") (citation omitted).

<strong>a.    The Public Pension Funds' Claims Are<br>Typical of the Class' Claims</strong>

The Public Pension Funds satisfy the typicality requirements of Rule 23. Typicality can be established by showing that the claims of the proposed lead plaintiff "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members." *Id.* "To satisfy this requirement, the claims of the class representative need not be identical to those of other class members." *Id.* at 11.

The Public Pension Funds' claims are typical of the claims of the members of the proposed Class because, just like all other Class members, the Public Pension Funds: (1) purchased or otherwise acquired PrivateBancorp common stock during the applicable period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth about the Company was subsequently disclosed. *See id.* (finding typicality where movant "(1) purchased Motorola securities during the class period; (2) paid allegedly inflated prices because of claimed false and misleading statements by Motorola officials; and (3) thereby allegedly suffered damages."). As noted, New Orleans purchased shares on the June 11, 2008 offering described above. Accordingly, the Public Pension Funds have identical, non-competing, and non-conflicting interests with the Class in establishing Defendants' liability.

<strong>b.    The Public Pension Funds Will Fairly and<br>Adequately Represent the Interests of the Class</strong>

The Public Pension Funds will also fairly and adequately represent the Class. As detailed

9

in their Certifications, the Public Pension Funds have prior experience serving as plaintiffs in securities litigation and are familiar with the obligations associated therewith. Boston manages more than $4.1 billion in assets for more than 34,000 active and retired members throughout the City of Boston, Massachusetts. Boston is a sophisticated institutional investor with sufficient resources to adequately litigate this action and supervise Class counsel. Moreover, because Boston has served as a lead plaintiff in other securities actions, its experience will benefit the Class. Importantly, Boston actively represented a shareholder class in the recent securities class action against BankAtlantic Bancorp, Inc., *In re BankAtlantic Bancorp, Inc. Securities Litigation*, No. 07-cv-61542 (S.D. Fla.), and is only the second public pension to successfully try a securities fraud class action. Boston is also currently serving as Lead Plaintiff in *Huron*, pending in this District.

New Orleans manages approximately $256 million in assets for 6,600 participants throughout the City of New Orleans, Louisiana. New Orleans is a sophisticated institutional investor with sufficient resources to adequately litigate this action and supervise Class counsel. New Orleans has served as Lead Plaintiff in *In re NovaGold Resources, Inc. Securities Litigation*, Case No. 08-cv-7041 (S.D.N.Y.) and *General Retirement System of the City of Detroit v. Wells Fargo Mortgage Backed Securities 2006-AR18 Trust*, Case No. 09-cv-1376 (N.D. Cal.).

Moreover, the Public Pension Funds considered and approved moving for appointment as Lead Plaintiff in this action, and each has submitted a Certification in which it affirmed its understanding of the duties owed to the Class. *See* Josefson Decl., Exh. B. Through those Certifications, the Public Pension Funds acknowledge the fiduciary obligations they will undertake if appointed Lead Plaintiff by the Court in this action. The Public Pension Funds have

also demonstrated their adequacy by retaining highly-experienced counsel and timely seeking appointment as Lead Plaintiff.

The Public Pension Funds are also the paradigmatic Lead Plaintiff envisioned by Congress – sophisticated institutional investors with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Courts in this District have recognized that "[t]he purpose behind the PSLRA is to prevent 'lawyer-driven' litigation, and to ensure that 'parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs [sic] counsel.' Congress believed this goal could best be achieved by encouraging institutional investors to serve as lead plaintiffs." *Motorola*, 2003 U.S. Dist. LEXIS 12651, at *11 (quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998)). Having suffered losses as a result of PrivateBancorp's misconduct, the Public Pension Funds have a significant financial interest in the litigation and can be counted on to vigorously pursue recovery for the Class from all culpable parties. As such, the interests of the Public Pension Funds are perfectly aligned with those of the Class, and there is no evidence of any antagonism between the Public Pension Funds and the Class.

### 4. This Court Should Approve the Public Pension Funds' Choice of Co-Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the

interests of the plaintiff class." H.R. Conf. Rep. No. 104-369 at 35, *reprinted in* 1995 U.S.C.C.A.N. at 734.

The Public Pension Funds have retained the law firms of Labaton Sucharow and Bernstein Litowitz to serve as Co-Lead Counsel for the Class. Labaton Sucharow and Bernstein Litowitz currently serve together as Co-Lead Counsel in *Huron*, also pending in this District.

Labaton Sucharow has excelled as lead counsel in numerous important actions on behalf of defrauded investors. *See* Josefson Decl., Exh. E. Just last month, Labaton Sucharow, as class counsel for Lead Plaintiff Boston and a certified class of investors, secured a favorable jury verdict in a securities fraud suit brought against BankAtlantic and several of its officers. *See BankAtlantic*, No. 07-cv-61542, Trial Tr. at 4350:8-4364:10 (S.D. Fla. Nov. 18, 2010). Labaton Sucharow is also lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it recently achieved settlements in principle totaling approximately $1 billion. In addition, Labaton Sucharow is lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which resulted in a settlement in principle of $624 million, the largest subprime-related securities class action settlement achieved to date. Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at the time. *See In re Waste Management, Inc. Securities Litigation*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against HealthSouth, Bear Stearns, Fannie Mae, Satyam, and others. In *In re Monster Worldwide, Inc. Securities Litigation*, No. 07-cv-2237, Hr'g Tr. at 24:25-25:1

(S.D.N.Y. June 14, 2007), Judge Jed S. Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to … courts for the excellence of its representation."

Bernstein Litowitz has extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors.  *See* Josefson Decl., Exh. F.  Significantly, Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-CV-3288 (DLC) (S.D.N.Y.), in which settlements totaling in excess of $6 billion – one of the largest recoveries in securities class action history – were obtained for the class.  Other examples in which courts, including the courts in this District, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include *In re Nortel Networks Corp. Securities Litigation*, No. 05-MD-1659 (LAP) (S.D.N.Y.), *In re Refco, Inc. Securities Litigation*, No. 05-CV-8626 (JSR) (S.D.N.Y.), and *In re Navigant Consulting, Inc. Securities Litigation*, No. 99-CV-07617 (N.D. Ill.).  Moreover, Bernstein Litowitz is currently representing investors in two complex class actions in this District, *Huron* and *Public School Teachers Pension & Retirement Fund of Chicago v. Northern Trust Investments, N.A.*, 10-CV-619 (N.D. Ill.).

Accordingly, the Public Pension Funds' choice of counsel should be appointed Co-Lead Counsel for the Class.

## CONCLUSION

For the above reasons, the Public Pension Funds respectfully request that the Court: (1) appoint the Public Pension Funds as Lead Plaintiff; (2) approve the Public Pension Funds' choice of counsel to serve as Co-Lead Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

DATED: December 21, 2010                      Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

By:    /s/ Avi Josefson

Avi Josefson
2835 N. Sheffield Avenue, Suite 409
Chicago, Illinois 60657
Telephone: (773) 883-5382
Facsimile: (212) 554-1444
avi@blbglaw.com
Illinois Bar No. 6272453

-and-

Gerald H. Silk
Laurence J. Hasson
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

**LABATON SUCHAROW LLP**
Christopher J. Keller
Michael W. Stocker
Rachel A. Avan
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for the Public Pension Funds and
Proposed Co-Lead Counsel for the Class*