UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CITY OF NEW ORLEANS EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | ) ) ) ) | No. 1:10-cv-06826 <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PRIVATEBANCORP, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF THE CARPENTERS PENSION FUND OF ILLINOIS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

590633_1

The Carpenters Pension Fund of Illinois ("Illinois Carpenters" or "Movant"), respectfully submits this memorandum of law in support of its motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*;[1] and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and Miller Law LLC ("Miller Law") as liaison counsel for the class.

## I. INTRODUCTION

Currently pending in this district is a federal securities class action brought on behalf of all persons who purchased or otherwise acquired the common stock of PrivateBancorp, Inc. ("PrivateBancorp" or the "Company") between November 2, 2007 and October 23, 2009, inclusive (the "Class Period"), and PrivateBancorp investors who purchased or otherwise acquired the Company's common stock pursuant and/or traceable to registered public offerings conducted on or about June 4, 2008 ("2008 Offering") and on or about May 11, 2009 ("2009 Offering"). The federal securities claims are asserted against PrivateBancorp, certain of its officers and/or directors, the underwriters of PrivateBancorp's 2008 and 2009 Offerings, and the Company's independent auditor. This action is brought pursuant to §§11, 12(a)(2), 15 U.S.C. §§77k, 77l(a)(2) and 77o; and §§10(b) and 20(a) of the 1934 Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5 promulgated thereunder.

Pursuant to the PSLRA, the Court is to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing

---

[1] The PSLRA's lead plaintiff provision amended both the Securities Act of 1933 (the "1933 Act") and the Securities Exchange Act of 1934 (the "1934 Act") in virtually identical ways. *Compare* 15 U.S.C. §77z-1(a)(3) *with* 15 U.S.C. §78u-4(a)(3). For simplicity and consistency, only the lead plaintiff provisions in the 1934 Act are cited herein.

- 1 -

the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Illinois Carpenters should be appointed as lead plaintiff because it: (1) timely filed its motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Illinois Carpenters' selection of Robbins Geller as lead counsel and Miller Law as liaison counsel for the class should also be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

PrivateBancorp is a Chicago-based financial services holding company. PrivateBancorp, through its bank subsidiaries, The PrivateBank and Trust Company and The PrivateBank, N.A., provides customized business and personal financial services to middle-market commercial and commercial real estate companies, as well as private banking for high-net worth business owners, executives, entrepreneurs and families.

During the Class Period the defendants violated the federal securities laws by engaging in improper behavior and by issuing materially false and misleading statements regarding PrivateBancorp's business and financial results that harmed the Company's investors. Among other things, defendants concealed that the Company held hundreds of millions of dollars in nonperforming or high-risk commercial and industrial loans originated under the Company's Strategic Growth and Transformation Plan ("Growth Plan") and misrepresented the quality of its residential loan portfolio, which was suffering severe deterioration. As a result of defendants' false statements, PrivateBancorp's stock traded at artificially inflated prices throughout the Class Period.

Rather than disclose these problems, PrivateBancorp sought to shore up its capital position by issuing materially false and misleading offering materials that enabled the Company to raise hundreds of millions of dollars from investors in registered public offerings of PrivateBancorp common stock. On or about June 11, 2008, PrivateBancorp concluded the 2008 Offering, selling

approximately 4 million shares of newly issued common stock at $34 per share, and 522,963 shares of the Company's Series A convertible preferred stock at $32.64 per share. The 2008 Offering resulted in net proceeds to the Company of $147.6 million. Then, on May 11, 2009, PrivateBancorp conducted a public offering of 11.87 million shares of Company stock at $19.25 per share, raising an additional $217 million.

On October 26, 2009, prior to the start of trading, the Company shocked investors by announcing a third quarter loss of $31.2 million, or $0.68 per share, falling far short of expectations. Despite having written off in excess of $100 million in bad loans in January 2009, the Company revealed that it held almost $400 million in nonperforming loans as of the third quarter 2009. PrivateBancorp further disclosed that its elevated levels of nonperforming loans were originated under the Growth Plan. In response to the Company's October 26, 2009 disclosure, PrivateBancorp stock fell over 37%, dropping from $19.00 per share to $11.98.

### III. ARGUMENT

#### A. Illinois Carpenters Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a "widely circulated national business-oriented publication or wire service" not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice advises class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on October 22, 2010, on *Marketwire* in connection with the filing of the first-filed action. *See* Exhibit B attached to

The Carpenters Pension Fund of Illinois' Motion for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel ("Motion").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Illinois Carpenters meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. Illinois Carpenters' Motion Is Timely

The notice published in this action informed class members that the deadline to move for appointment as lead plaintiff was 60 days from October 22, 2010, or December 21, 2010. *See* Motion, Ex. B; 15 U.S.C. §78u-4(a)(3)(A). Illinois Carpenters has therefore timely filed its motion. *Id.* In addition, Illinois Carpenters has submitted a sworn certification confirming its willingness and ability to serve as lead plaintiff. *See* Motion, Ex. C. Thus, Illinois Carpenters has complied with the PSLRA's first requirement and is entitled to be considered for appointment as lead plaintiff.

### 2. Illinois Carpenters Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Illinois Carpenters lost over $470,000 due to defendants' misconduct. *See* Motion, Exs. C, D. Additionally, Illinois Carpenters purchased or otherwise acquired 2,500 shares of PrivateBancorp common stock pursuant and/or traceable to the Company's 2008 Offering. To the best of its counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, Illinois Carpenters satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Illinois Carpenters Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In selecting the lead plaintiff under the PSLRA, however, typicality and adequacy of representation are the only relevant considerations." *In re Motorola Sec. Litig.*, No. 03 C 287, 2003 U.S. Dist. LEXIS 12651, at *10 (N.D. Ill. July 23, 2003) (Pallmeyer, J.) (explaining that a "wide-ranging analysis of the Rule 23 factors should be left for consideration of a motion for class certification").

Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Under Rule 23(a), claims are typical if they "'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (citation omitted). Typicality exists even if there are some factual distinctions between the claims of the named plaintiff and those of other class members. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "To meet the adequacy requirement, the plaintiff must demonstrate that (1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure zealous advocacy; (3) he is represented by competent, experienced counsel who will be able to prosecute the litigation vigorously." *Motorola*, 2003 U.S. Dist. LEXIS 12651, at *11.

Here, Illinois Carpenters satisfies the typicality requirement for purposes of selecting lead plaintiff because, like other class members, it: (1) purchased PrivateBancorp common stock during

the Class Period, including purchasing shares pursuant and/or traceable to PrivateBancorp's public offerings; (2) paid allegedly inflated prices because of claimed false and misleading statements by defendants; and (3) thereby suffered damages. Thus, Illinois Carpenters' claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

As an institutional investor with prior experience serving as a fiduciary in shareholder litigation, *see, e.g. In re Cisco Sys., Inc. Sec. Litig.*, No. C 01-20418 JW (N.D. Cal. 2001), Illinois Carpenters' experience and resources will enable it to adequately represent the class's interests. And, there is no evidence of antagonism or conflict between Illinois Carpenters and the class. Illinois Carpenters' substantial loss further demonstrates that it has a sufficient interest in the outcome of the case to ensure zealous advocacy on behalf of the class. *See* Motion, Exs. C-D. Additionally, as explained below, Illinois Carpenters' proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Illinois Carpenters believe that all of these factors sufficiently evidence its capacity and willingness to serve as lead plaintiff.

Thus, Illinois Carpenters satisfies the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### B. The Court Should Approve Illinois Carpenters' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Illinois Carpenters has selected Robbins Geller to serve as lead counsel and Miller Law as liaison counsel.

Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation. *See* Motion, Ex. F. Robbins Geller's reputation for excellence has been repeatedly noted by district courts throughout the country and has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.[2] In addition, Robbins Geller attorneys are responsible for attaining the largest securities fraud class action recovery ever, as well as the largest recoveries in the Fifth, Sixth and Eighth Circuits. *See In re Enron Corp. Sec.*, Case No. H-01-3624 (S.D. Tex.) (Harmon, J.) ($7.3 billion recovery for the class is largest in U.S. history and in the 5th Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, Case No. C2-04-00575 (S.D. Ohio) (Marbley, J.) ($600 million recovery for the class was, at the time, the 10th largest in U.S. history and is still the largest recovery ever in the 6th Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, Case No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J.) ($925 million recovery for the class and the 10th largest recovery in U.S. history).

The attorneys at Miller Law, a litigation boutique law firm in Chicago, have many decades of experience in complex civil litigation, including securities class actions, in this district. *See* Motion, Ex. E; *see also In re Bank One S'holders Class Actions*, Case No. 00-880 (N.D. Ill. 2000) (Marvin A. Miller appointed by the Court as liaison counsel to draft and file consolidated complaint). The skill and experience of Miller Law's attorneys has been recognized by numerous courts which have appointed the firm to leadership positions in complex securities litigation. Two decades ago, Judge

---

[2] Judge Melinda Harmon commented that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country." *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008). Similarly, Judge Algenon Marbley, in approving the $600 million recovery by Robbins Geller lawyers in *Cardinal Health*, noted that the "quality of representation in this case was superb." *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (Robbins Geller lawyers are "nationally recognized leaders in complex securities class actions. The quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action.").

Milton I. Shadur of this court commented on Marvin Miller's skills and said that he is "an experienced securities law class action litigator . . . who also has 20 years [now 40 years] practice under his belt. This Court has seen the quality of that lawyer's work in other litigation, and it is first-rate." *In re Telesphere Int'l Sec. Litig.*, 753 F. Supp. 716, 719 (N.D. Ill. 1990) (Shadur, J.). Those same qualities continue and have been recognized by other courts in this district and across the country.[3]

In addition to their individual accomplishments, Robbins Geller and Miller Law's lawyers have been appointed to serve together as lead and liaison counsel in numerous securities fraud and other complex class actions in this district and by this court. *See, e.g., City of Lakeland Emps. Pension Plan v. Baxter Int'l Inc.*, No. 10 C 6016 (N.D. Ill. 2010) (Coleman, J.); *NECA-IBEW Pension Fund, The Decatur Plan v. Northern Trust Corp. et al.*, 1:10-cv-05339 (N.D. Ill. 2010) (Lefkow, J.); *Jones v. Corus Bankshares*, No. 09-1538 (N.D. Ill. 2009) (Bucklo, J.); *Plumbers and Steamfitters Local No. 7 Pension Fund v. Walgreen Co.*, No. 08-2162 (N.D. Ill. 2008) (Gottschall, J.); *Silverman v. Motorola, Inc.*, No. 07-4507 (N.D. Ill. 2007) (St. Eve, J.); *Takara Trust v. Molex Inc.*, No. 05-1245 (N.D. Ill. 2005) (Castillo, J.); *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, No. 05-7097 (N.D. Ill. 2005) (Aspen, J.); and *Roth v. OfficeMax Inc.*, No. 05-236 (N.D. Ill. 2005) (Gottschall, J.); *Jaffe v. Household Int'l, Inc.*, No. 02-5893 (N.D. Ill. 2002) (Guzman, J.).

---

[3] *See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85 (D. Mass. 2005) (in granting final approval of $75 million settlement in which Miller Law served as co-lead counsel, the court noted that "Class counsel here exceeded my expectations in these respects [*i.e.*, experience, competence, and vigor] in every way"); *Jaffe v. Household Int'l, Inc.*, No. 02-5893 (N.D. Ill. 2002) (Miller Law approved as liaison counsel); *Makor Issues & Rights & Ltd. v. Tellabs, Inc.*, No. 02-4356 (N.D. Ill. 2002) (same); *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-7527 (N.D. Ill. 2002) (same). Most notably, the *Makor Issues* case was argued before the United States Supreme Court and created precedent for the pleading standard in securities cases. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).

*Household*, in particular, is but one example of how effectively the lawyers from Robbins Geller and Miller Law have successfully worked together to benefit classes of injured investors. Following Robbins Geller's appointment as lead counsel and Miller Law's appointment as liaison counsel, the firms defeated defendants' motions to dismiss and obtained certification of the class. For more than six years, Robbins Geller and Miller Law methodically prepared the *Household* case for trial, including taking more than 60 depositions and reviewing countless millions of pages of documentary evidence. In 2009, the firms' joint efforts yielded a plaintiffs' verdict. The *Household* trial and favorable verdict demonstrates Robbins Geller's and Miller Law's willingness to commit the necessary resources to protect the interests of the class.

In sum, the experience and resources which Robbins Geller and Miller Law will bring to this action as lead and liaison counsel on behalf of the class will ensure the class' interests are responsibly and vigorously advanced. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller and Miller Law. *See* Motion, Exs. E & F. Accordingly, Illinois Carpenters' selection of counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, Illinois Carpenters respectfully requests that the Court: (1) appoint Illinois Carpenters as Lead Plaintiff; and (2) approve its selection of Robbins Geller to serve as Lead Counsel and Miller Law as Liaison Counsel for the class.

DATED: December 21, 2010

Respectfully submitted,

MILLER LAW LLC
MARVIN A. MILLER
LORI A. FANNING

s/ MARVIN A. MILLER
MARVIN A. MILLER

- 9 -

590633_1

115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)
mmiller@millerlawllc.com

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
DARREN J. ROBBINS
BRIAN O'MARA
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

CAVANAGH & O'HARA
JOHN LONG
407 East Adams Street
Springfield, IL 62701
Telephone: 217/544-1771
217/544-9894 (fax)

Additional Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 21, 2010.

                s/ MARVIN A. MILLER
                MARVIN A. MILLER

                MILLER LAW LLC
                LORI A. FANNING
                115 S. LaSalle Street, Suite 2910
                Chicago, IL 60603
                Telephone: 312/332-3400
                312/676-2676 (fax)

                E-mail: mmiller@millerlawllc.com